# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

JENNIE FAYE SIMONS,

    Plaintiff,

v.

                                                         CASE NO.: 4:09-cv-00417-SPM-WCS

MARQUIS SOFTWARE DEVELOPMENT, INC.,

    Defendant.

_____/

## ORDER DENYING MOTION TO DISMISS

This cause comes before the Court on Defendant's Motion to Dismiss (doc. 10). Both parties filed memoranda of law (docs. 10, 12) in accordance with the local rules. See N.D. Fla. Loc. R. 7.1(A). For the reasons set forth below, the Court denies Defendant's motion.

Defendant argues that the Court should dismiss Plaintiff's Amended Complaint (doc. 8) on the grounds that Plaintiff has (1) failed to obtain a right to sue letter from the Equal Employment Opportunity Commission ("EEOC"); (2) failed to identify and plead a cause of action for disability discrimination; and (3) failed to sufficiently plead entitlement to punitive damages.

## I. Right to Sue Letter

As a statutory precondition to filing suit, an individual seeking redress pursuant to Title I of the Americans with Disabilities Act ("ADA") must first obtain a right to sue letter from the EEOC.  See 42 U.S.C. § 12117 (2006) (applying the procedures set forth in sections 2000e-5 of Title VII to ADA claims) and Wu v. Thomas, 863 F.2d 1543, 1547 (11th Cir. 1989) (noting that a Title VII plaintiff must receive a right to sue letter prior to filing suit).   However, the Eleventh Circuit has held that receipt of such a letter during pendency of the suit may cure the prior defect in the absence of attempts by the plaintiff to frustrate investigation or conciliation by the EEOC.  Forehand v. Fla. State Hosp., 89 F.3d 1562, 1570 (11th Cir. 1996).

Plaintiff has received a right to sue letter (doc. 11) since the filing of her Amended Complaint (doc. 8), and there is no indication that Plaintiff has attempted to thwart EEOC actions.  Consequently, Plaintiff's subsequent receipt of a right to sue letter cures the prior defect in her claim.

## II. ADA Pleading Standards

Defendant next claims that Plaintiff failed to identify and plead a cause of action for disability discrimination pursuant to Title I of the ADA.  In particular, the Defendant suggests that because claims for disability discrimination come in a variety of forms, Plaintiff should specify the precise legal theory through which Plaintiff seeks recovery.

The standards governing a motion to dismiss on these grounds begin with Federal Rule of Civil Procedure 8(2)(a), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court has further explained that a plaintiff's complaint need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Moreover, courts must accept all the factual allegations contained within the complaint as true and evaluate all inferences derived from those facts in the light most favorable to the plaintiff. See Hunnings v. Texaco, Inc., 29 F.3d 1480, 1483 (11th Cir. 1994). Correspondingly, the threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low. See Ancata v. Prison Health Servs., Inc., 769 F.2d 700, 703 (11th Cir. 1985).

In order to establish a prima facie case of disability discrimination, a plaintiff must show that: "(1) she has a disability; (2) she is a qualified individual; and (3) she was subjected to unlawful discrimination because of her disability." Calvo v. Walgreens Corp., 340 F. App'x 618, 621 (11th Cir. 2009) (quoting Morisky v. Broward County, 80 F.3d 445, 447 (11th Cir. 1996)). In addition, a plaintiff must demonstrate that the employer had actual or constructive knowledge of the disability or considered the employee disabled. Gordon v. E.L. Hamm & Assocs., Inc., 100 F.3d 907, 910 (11th Cir. 1996).

Plaintiff alleged a disability in the form of cancer. Further, Plaintiff alleged that she is a qualified individual by stating in her Amended Complaint (doc. 8) that she has the skills for and is capable of performing her job duties. See Reed v. Heil Co., 206 F.3d 1055, 1062 (11th Cir. 2000) (noting that whether an individual is "qualified" for a position contemplates the individual's aptitude and performance ability with or without accommodations). Additionally, Plaintiff alleged unlawful discrimination in the form of a demotion, disdainful treatment by her supervisor, denial of opportunities, and other mistreatment. (see doc. 8, ¶¶ 9, 17.) Finally, Plaintiff alleged that Defendant had knowledge of Plaintiff's disability. (see doc. 8, ¶ 13.) Thus, the allegations contained in Plaintiff's Amended Complaint (doc. 8), if accepted as true, state a cause of action for disability discrimination.

### III. Punitive Damages

Defendant's final argument asserts that Plaintiff's Amended Complaint (doc. 8) fails to adequately plead entitlement to punitive damages. Plaintiffs may only seek punitive damages with respect to an ADA claim if the defendant engaged in a discriminatory practice "with malice or reckless indifference to the federally protected rights" of the plaintiff. See 42 U.S.C. § 1981a(b)(1) (2006) (describing the punitive damages scheme for Title VII claims); see also 42 U.S.C. § 12117 (2006) (applying Title VII's statutory scheme of remedies to cases brought pursuant to the ADA).

To satisfy this standard and incur liability for punitive damages, the Supreme Court has held that "an employer must at least discriminate in the face of a perceived risk that its actions will violate federal law." Kolstad v. Am. Dental Ass'n, 527 U.S. 526, 536 (1999). Plaintiff alleged that she informed Defendant of the existence of the ADA and produced a portion of the Act for Defendant's review. (see doc. 8, ¶ 13.) Plaintiff further alleged that Defendant discriminated against her subsequent to Defendant having knowledge of the ADA. (see doc. 8, ¶ 17.) Based on these allegations, Plaintiff pleaded that Defendant engaged in a discriminatory practice "with malice or reckless indifference" to her federally protected rights. See 42 U.S.C. § 1981a(b)(1). Thus, Plaintiff has met her burden for pleading entitlement to punitive damages.

Based on the foregoing, it is

ORDERED AND ADJUDGED that Defendant's Motion to Dismiss (doc. 10) is DENIED.

DONE AND ORDERED this 25th day of January, 2010.

    *s/ Stephan P. Mickle*
    Stephan P. Mickle
    Chief United States District Judge